SCHULMAN ET, PLAINTIFFS-APPELLANTS, *v.* SHAKER
HEIGHTS (CITY), ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26800.   Decided January 28, 1964.

*Mr. Gilbert Weil, Mr. Sidney S. Friedman, Mr. Milton
Schulman* and *Mr. Alonzo Glenn,* for plaintiffs-appellants.
*Mr. Alexander H. Hadden* and *Mr. Walter Kelley, Jr.,* for
defendants-appellees.

*Per Curiam.* This is a pending appeal on questions of law
and fact from a judgment entered in the Court of Common Pleas
in favor of the defendants.

Plaintiffs live in and are taxpayers of the City of Shaker
Heights. They brought the action on behalf of said City upon
the refusal of the Director of Law to institute the same upon
written request.

Defendants are the City of Shaker Heights, Paul K. Jones,
Mayor, Robert Beth, Director of Finance, and seven City
Councilmen.

Plaintiffs, in their petitions, complain that the City Council

tentatively accepted a bid to purchase a certain parcel of real estate owned by the City, which was $67,000.00 less than the highest bid. They pray that the defendants be enjoined from proceeding further with the sale. The action was commenced before any further steps were taken by the City.

A temporary injunction against the defendants, restraining them from the sale and conveyance of the real property during the pendency of this appeal, was granted. The cause was advanced for hearing.

Request of appellees to require taxpayer appellants to file bond in connection with the granting of a temporary restraining order (injunction) by this court during the pendency of this appeal is denied for the following reasons: (1) appellants have filed a bond in the trial court to guarantee costs; (2) the actions were instituted by taxpayers under favor of Section 733.59, Revised Code, which only provides that a taxpayer give security for the costs of the proceeding; (3) Section 733.56, Revised Code, which authorizes a solicitor to bring an action for an order of injunction, is in pari materia with Section 733.59, Revised Code, and a taxpayer, bringing an action under the latter section, is, in effect, the legislature's designated agent of the city and a representative of the public and virtually in the shoes of the solicitor; (4) the Supreme Court of Ohio in the case of *Forsythe v. Winans, City Solicitor*, 44 Ohio St., 277, 7 N. E., 13, held that a solicitor bringing an action under authority of Section 1777, Revised Statutes (now Section 733.56, Revised Code), is not required to give an undertaking in connection with an injunction allowed by a court of competent jurisdiction; (5) It necessarily follows from the above that a taxpayer bringing a suit in place of the solicitor for the benefit of the community and not for his own personal gain is entitled to the same prerogatives as the solicitor. To hold otherwise would, for all practical purposes, nullify the benefits bestowed by Section 733.59, Revised Code, since the taxpayer would become personally liable on his bond if he should not prevail. This would tend to discourage him from instituting a taxpayer's suit in a matter in which he has no personal interest and which is intended only to serve the good of the citizens of the community in which he lives.

KOVACHY, P. J., SILBERT and CORRIGAN, JJ., concur.